FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON MICHAEL KING,<br><br>             Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, and WASHINGTON STATE DEPARTMENT OF LICENSING,<br><br>             Defendants. | NO. 4:23-CV-5137-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 8). Plaintiff has not responded, timely or otherwise. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint against the State of Washington and the Washington State Department of Licensing, alleging an

ORDER GRANTING DEFENDANTS' MOTION TO DIMISS ~ 1

unconstitutional deprivation of a driver's license. ECF No. 1. His Complaint argues that, as a result of state action, he has been without work for seven years because it has been impossible to travel. *Id*. at 4. However, at different points in the Complaint, he also states that he has never obtained a driver's license, or that he has been without one for twenty years. *Id*. at 4–5, 7. Plaintiff asserts a First Amendment, 18 U.S.C. § § 242 and 245, claims, arguing the state has restricted his freedom of travel. *Id*. at 3. He also brings claims under 42 U.S.C §§ 1981, 1982, and 1983 for intentional discrimination of employment, violation of property rights, and "deprivation of rights," respectively. *Id*. at 3, 4, 5. Defendants moved for dismissal under Rule 12(b)(6) for failure to state a claim. ECF No. 8. Plaintiff has not responded.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences

… to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

Here, Plaintiff appeared *pro se* and asserts violations of civil rights. In considering a 12(b)(6) motion to dismiss for failure to state a claim, the Court must construe his complaint liberally, and "afford [him] the benefit of any doubt." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (citations omitted). Further "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiff asserts causes of action under the First Amendment, 18 U.S.C § 242, 18 U.S.C. § 245, 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 42 U.S.C. § 1983 in relation to what he describes as Defendants' intentional deprivation of his right to a Washington State driver's license, and subsequent damages that resulted from this deprivation. ECF No. 1 at 3–5.

I.  **Causes of action under 18 U.S.C. § § 242 and 245.**

Both 18 U.S.C. §§ 242 and 245 are criminal statutes to which a private cause of action cannot be sustained. *Valero v. Bac Home Loans Servicing*, LP, 667 F. App'x 255 (9th Cir. 2016); *Battle v. Travel Lodge Motel*, 474 F. App'x 654, 655

(9th Cir. 2012); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). As such, both the 18 U.S.C. §§ 242 and 245 claims are dismissed.

## II.     Cause of action under a protected right to travel.

While the right to travel is not explicitly mentioned in the Constitution, including in the First Amendment, the Supreme Court has held that an ability to travel from one state to another is an implicitly protected constitutional right. *United States v. Guest*, 383 U.S. 745, 758 (1966). However, the right to operate a motor vehicle is not "fundamental" simply because it relates to a right to travel, an individual is not inherently restricted from interstate travel by other means because the state has deprived him of a driver's license. *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) (quoting *Berberian v. Petit*, 118 R.I. 448, 374 A.2d 791 (1977)) ("What is at issue here is not his right to travel interstate, but his right to operate a motor vehicle on the public highways, and we have no hesitation in holding that this is not a fundamental right.").

Plaintiff includes *Shuttlesworth v. City of Birmingham, Alabama*, 394 U.S. 147, 150–51 (1969), in support of the contention that deprivation of a driver's license is a violation of the First Amendment. However, in *Shuttlesworth*, the Supreme Court was asked to consider the constitutionality of a City of Birmingham ordinance which required a license to "parade," "process" or "demonstrate," on city streets or sidewalks, and gave the ultimate authority to

withhold or grant such permit based on what a city commission subjectively believed was in the interest of public safety. *Id*. Because regulation of assembly invokes a First Amendment right to free speech, the Court determined the ordinance granted uninhibited power of regulation to the commission and was therefore unconstitutional. *Id*. at 150.

The facts and outcome of *Shuttlesworth* are not applicable to the matter at hand. As described above, the deprivation of a driver's license is not automatically a *per se* violation of a fundamental constitutional right. Plaintiff's constitutional claim is dismissed.

### III.     Causes of action under 42 U.S.C §§ 1981, 1982, and 1983.

Plaintiff brings 42 U.S.C. §§ 1981, 1982, and 1983 claims against the State of Washington and the Washington State Department of Licensing. To prove a successful § 1981 claim, a claimant must show that he (1) is a member of a protected class; (2) attempted to contract for certain services; (3) was denied the right to contract for those services; and (4) either was deprived of services while similarly situated persons outside the protected class were not, or received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (adapting the prima facie elements to claims of racial discrimination in non-employment situations). The Ninth Circuit developed a

prima facia test for a § 1982 claim, requiring the claimant to show: "(1) that he or she is a member of a racial minority; (2) that he or she applied for and was qualified to rent or purchase certain property or housing; (3) that he or she was rejected; and (4) that the housing or rental opportunity remained available thereafter." *Phiffer v. Proud Parrot Motor Hotel, Inc.,* 648 F.2d 548, 551 (9th Cir. 1980). Finally, § 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988).

Additionally, §§ 1981, 1982, and 1983 are each subject to a statute of limitation. Section 1981 is governed by a four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383–85 (2004) (extending the four-year statute of limitation imposed by 28 U.S.C. § 1658 to § 1981). For § 1983 claims, federal courts will apply the forum state's limitation period for tort actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Washington law, this period is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (citing RCW 4.16.080(2)). Further, for § 1983 purposes, the statute of limitations begins to run when the plaintiff, "knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Section 1982 follows a similar three-year statute of limitation structure

based on RCW 4.16.080(2). *Pendleton v. City of Spokane Police Dep't*, No. 2:18-CV-0245-TOR, 2019 WL 320581, at *2 (E.D. Wash. Jan. 24, 2019) (citations omitted).

Setting aside the fact that, even with a liberal reading of the Complaint, Plaintiff has not plead with any particularity the necessary prerequisites for §§ 1981, 1982, or 1983, Plaintiff indicated that he has been without a license for at least seven years, outside of any relevant statute of limitation.[1] ECF No. 1 at 4–5. Additionally, a federal court is precluded from hearing §§ 1981 and 1983 claims by citizens against a state, state entities, and state actors in their official capacity under the Eleventh Amendment's grant of sovereign immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); *Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012); *Maldonado v. Harris*, 370, F.3d 945, 951 (9th Cir. 2004) (finding state agency not amenable to suit under §1983); *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).

---

[1] Though Plaintiff also indicated he has never had a Washington State driver's license, or that he has been without a driver's license for twenty years. ECF No. 1 at 5, 7.

ORDER GRANTING DEFENDANTS' MOTION TO DIMISS ~ 7

Plaintiff's §§ 1981, 1982, and 1983 claims are dismissed as time-barred and the §§ 1981 and 1983 claims are also non-justiciable under the Eleventh Amendment against both the State of Washington and the Washington State Department of Licensing. Plaintiff is not granted leave to amend as the timeframe he asserts is outside of the three or four-year statute of limitations of §§ 1981, 1982, and 1983.

### IV. Revocation of In Forma Pauperis Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED**.

2. Plaintiff's constitutional claims, claims under 18 U.S.C. §§ 242 and 245, and claims under 42 U.S.C §§ 1981, 1982, and 1983 are **DISMISSED with prejudice**.

3. Plaintiff is not granted leave to amend as no amendment could cure the deficiencies.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to the parties, and **CLOSE** the file.

DATED January 19, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DIMISS ~ 9